**NOT FOR PUBLICATION**



FILED

SEP 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 16-10370 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00803-CRB-1 |
| v. | |
| **CARLOS MICHAEL MARTINEZ,** | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 14, 2017[**]
San Francisco, California

Before: **KOZINSKI** and **FRIEDLAND**, Circuit Judges, and **ARTERTON**,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

"To be entitled to a <u>Franks</u> hearing . . . , [Martinez] must first make a substantial preliminary showing that the affidavit contained a misleading omission and that the omission resulted from a deliberate or reckless disregard of the truth. Second, he must demonstrate that had there been no omission, the affidavit would have been insufficient to establish probable cause." <u>United States</u> v. <u>Kyllo</u>, 37 F.3d 526, 529 (9th Cir. 1994). Martinez failed to show that Officer Ichige's omission—that the IP address was dynamically assigned—was misleading or done in deliberate or reckless disregard of the truth. Moreover, had the affidavit included this fact, it would have still supported probable cause in light of the information that had been obtained from the internet service provider. The district court committed no error in denying Martinez a <u>Franks</u> hearing.

**AFFIRMED**